Matter of Drescher v Washingtonville Cent. Sch. Dist. (2019 NY Slip Op 53952)





Matter of Drescher v Washingtonville Cent. Sch. Dist.


2019 NY Slip Op 53952


Decided on November 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 27, 2019

527790

[*1]In the Matter of the Claim of Carol Drescher, Claimant,
v
Washingtonville Central School District et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: October 15, 2019

Before: Lynch, J.P., Clark, Devine and Pritzker, JJ.


Sullivan Keenan Oliver & Violando, LLP, Albany (Michael D. Violando of counsel), for appellants.
Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for respondent.

Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for respondent.



Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed April 4, 2018, which ruled that the employer and its third-party administrator failed to comply with 12 NYCRR 300.13 (b) and denied review of a decision by the Workers' Compensation Law Judge.
In February 2013, claimant sustained a work-related injury to her right shoulder, and her subsequent claim for workers' compensation benefits was established. Claimant's average weekly wage was set at $752.66, and, in January 2017, a Workers' Compensation Law Judge (hereinafter the WCLJ) determined that claimant suffered a 45% schedule loss of use of the right arm. In October 2017, following a hearing on the question of proper employer reimbursement for wages paid, the WCLJ directed that $14,975.91 be paid to claimant and further directed that counsel fees in the amount of $2,245 be paid to claimant's counsel. In November 2017, the self-insured employer and its third-party administrator (hereinafter collectively referred to as the employer) filed an application (form RB-89) with the Workers' Compensation Board seeking review of the WCLJ's decision. The Board denied the application, finding it defective because it was not properly filled out pursuant to 12 NYCRR 300.13 (b) (1). The employer appeals.
The employer argues that the Board abused its discretion in denying its application for Board review based upon its failure to comply with the rules governing the content of such applications requiring the application to be filled out completely. We do not agree. "[T]he Board 'may adopt reasonable rules consistent with and supplemental to the provisions of [the Workers' Compensation Law],' and the Chair of the Board 'may make reasonable regulations consistent with the provisions of [the Workers' Compensation Law]'" (Matter of Johnson v All Town Cent. Transp. Corp., 165 AD3d 1574, 1574 [2018], quoting Workers' Compensation Law § 117 [1]; accord Matter of Perry v Main Bros Oil Co., 174 AD3d 1257, 1258 [2019]; see Matter of Jones v Human Resources Admin., 174 AD3d 1010, 1012 [2019]; see also Workers' Compensation Law § 124 [1]). Under the Board's regulations, "'an application to the Board for administrative review of a decision by a WCLJ shall be in the format as prescribed by the Chair of the Board'" (Matter of Perry v Main Bros. Oil Co., 174 AD3d at 1258, quoting 12 NYCRR 300.13 [b] [1] [brackets omitted]; see Matter of Swiech v City of Lackawanna, 174 AD3d 1001, 1004 [2019]; Matter of Waufle v Chittenden, 167 AD3d 1135, 1136 [2018]), and "must be filled out completely" (12 NYCRR 300.13 [b] [1]; see Matter of Jones v Human Resources Admin., 174 AD3d at 1012; Matter of Presida v Health Quest Sys., Inc., 174 AD3d 1196, 1197 [2019]; see also Workers' Comp Bd Release Subject No. 046-940 [Apr. 27, 2017]). "The Board may deny an application for review where the party seeking review, other than a claimant who is not represented by counsel, fails to fill out completely the application" (Matter of Perry v Main Bros. Oil Co., 174 AD3d at 1259; see 12 NYCRR 300.13 [b] [4]; Matter of Waufle v Chittenden, 167 AD3d at 1136).
The record reflects that when the employer filed its application for Board review (form RB-89), question number 13 on that application requested that it provide the "[h]earing [d]ates, [t]ranscripts, [d]ocuments, [e]xhibits, and other [e]vidence" that it would rely upon in its administrative appeal and advised to "see [the] [i]nstructions for details." To that end, the instructions for Completing the RB-89 form that were in effect at the time that the employer filed its application for Board review stated that applications "must be in the format prescribed by the Chair," that "all sections of the [a]pplication must be completed" and that an applicant must, among other things, "[i]dentify by date and document ID number(s) the transcripts, documents, reports, exhibits, and other evidence in the Board's file that are relevant to the issues and grounds being raised for review" (Workers' Comp Bd, Instructions for completing RB-89 [Sept. 2016]). In response to question number 13 on its application, the employer stated, "Arguments were placed on the record at the 10/3/2017 hearing." Although the employer's response to question number 13 properly identified the hearing date on which the issue was raised before the WCLJ, the employer failed, as instructed, to list and identify by date and document identification number, among other documents, its July 2017 letter, which it principally relied upon in its letter brief and which was critically relevant to the issues and grounds being raised for administrative review. By failing to include all documents and evidence that it was relying upon in its application, the employer did not completely fill out its application for Board review and, therefore, failed to comply with the prescribed formatting and completion requirements (see 12 NYCRR 300.13 [b] [1], [3] [iii]; [4]; Matter of Williams v Village of Copenhagen, 175 AD3d 1745, 1748 [2019]; Matter of Presida v Health Quest Systems, Inc., 174 AD3d at 1198). To that end, we do not find that the Board's denial of the application for review was arbitrary and capricious as "[h]aving a complete application
. . . assists the Board in providing timely and effective review of the application as it eliminates confusion over which evidence is involved . . . and which issues are preserved for appeal" (Matter of Perry v Main Bros Oil Co., 174 AD3d at 1259 [internal quotation marks, ellipses and citation omitted]).
Further, we reject the employer's well-articulated contention that the prescribed formatting and completion requirements exceed the Board's regulatory powers, as this Court has recently held that "the Board's format requirements for applications for Board review . . . are reasonable given the reasons identified by the Board and were promulgated pursuant to its statutory and broad regulatory powers" (Matter of Perry v Main Bros. Oil Co., 174 AD3d at 1259 [internal quotation marks and citation omitted]; accord Matter of Jones v Human Resources Admin., 174 AD3d at 1013). Accordingly, we find that the Board acted within its discretion in denying the employer's application for Board review, and we therefore discern no basis upon which to disturb the Board's decision (see 12 NYCRR 300.13 [b] [4]; Matter of Williams v Village of Copenhagen, 175 AD3d at 1748; Matter of Presida v Health Quest Sys., Inc., 174 AD3d at 1198).
Lynch, J.P., Clark and Devine, JJ., concur.
ORDERED that the decision is affirmed, without costs.